IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Robert G. Duffey,                                              Case No. 3:15CV1297

          Plaintiff

        v.                                                      **ORDER**

Carolyn Colvin,
Acting Commissioner of Social Security,

          Defendant


This is a Social Security case in which the plaintiff, Robert Duffey, appeals from the Commissioner's decision denying his application for disability insurance benefits.

Before me is Magistrate Judge McHargh's Report and Recommendation (R&R), which recommends affirming the Commissioner's decision. (Doc. 18). Specifically, the Magistrate ruled the ALJ gave good reasons for discounting the opinion of Dr. Todd Wiley, plaintiff's treating physician.

Plaintiff filed a timely objection. (Doc. 21).

For the reasons set forth below, I overrule plaintiff's objection and adopt the R&R as the order of this court.

**Background**

The R&R describes the factual and procedural backgrounds in detail, so I summarize only the relevant evidence.

In 1995, while working as a police officer, Duffey was in a serious car accident that left him with several medical problems, including back problems. After the accident, Duffey had back surgery and then returned to work. However, in 1998, Duffey reinjured his back, requiring a second surgery, and he resigned.

After resigning, Duffey worked several different jobs. Most relevant is Duffey's employment at Wholesale House as a national sales representative from 2005 to 2010. In 2010, Wholesale House fired Duffey, and he has not worked since then.

In the years that followed, several doctors examined Duffey, diagnosing him with a variety of back conditions and impairments. Duffey's primary physician, Dr. Todd Wiley, referred him to various other doctors. Treatments included pain medication, partial hemilaminectomy and heianinectomy, medical facetectomy, removal of discs and ligaments, and lateral mass fusion, among others.

In a Residual Functional Capacity (RFC), Dr. Wiley concluded Duffey experienced pain and other severe symptoms on a constant basis and was only capable of performing low-stress jobs that did not involve physical stress. Dr. Wiley further concluded Duffey could walk less than one city block, could sit for only fifteen and stand for only ten minutes, could rarely lift or carry less than ten pounds, and needed a cane or other assistive device for standing and walking. Due to Duffey's impairments, Dr. Wiley concluded Duffey needed a job that allows for shifting positions at will from sitting to standing or walking, numerous unscheduled breaks per day, and more than four absences per month.

On December 13, 2011, Duffey filed an application for disability insurance benefits. The Social Security Administration denied his initial request and request for reconsideration on April

2

8, 2012 and October 4, 2012, respectively. After these denials, Administrative Law Judge (ALJ)

Kim L. Bright heard Duffey's claim on December 5, 2013, and on January 21, 2014, she

rendered an opinion finding Duffey was not disabled.

Specifically, ALJ Bright found Duffey had not engaged in substantial gainful activity

since the alleged onset of disability and had the following severe impairments: degenerative disc

disease status post lumbar fusion surgery and obesity. ALJ Bright, however, decided Duffey's

impairments did not meet or equal Listing 1.04 (disorders of the spine).

ALJ Bright then found Duffey had the RFC to perform light work subject to several

limitations.[1] In defining Duffey's RFC, ALJ Bright gave great weight to State agency medical

consultants' opinions and little weight to Dr. Wiley's opinion. To support this decision, ALJ

Bright specifically states that Dr. Wiley did not provide objective findings to support several of

his claims, and his opinion was inconsistent with the State agency medical consultants' opinions

and the treatment record as a whole.

Given that RFC, ALJ Bright concluded Duffey was capable of performing past relevant

work as a sales representative.

On April 17, 2005, the Social Security Administration Office of Hearings and Appeals

denied Duffey's request for review, making ALJ Bright's opinion the Commissioner's final

decision.

---

[1]According to the ALJ's decision, Duffey can perform a full range of light exertional level work except: standing and walking for four hours in an eight-hour day; occasional stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes, or scaffolds; and avoidance of all exposure to hazards. This RFC resembles the State agency medical consultants' opinions.

Plaintiff then sought judicial review of the Commissioner's decision, leading to Magistrate Judge Kenneth S. McHargh's July 6, 2016 Report and Recommendation affirming the Commissioner's decision.

## Standard of Review

When reviewing a Magistrate's report, I must make a *de novo* determination of the portions to which the parties' object. 28 U.S.C. § 636(b).

In reviewing the Commissioner's decision, I must determine whether substantial evidence in the record supports the findings and whether the ALJ applied the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). I may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

## Discussion

Plaintiff objects to the Magistrate Judge's finding that the ALJ articulated good reasons for not assigning controlling weight to his treating physician's opinion. This failure, according to plaintiff, prejudiced him because Dr. Wiley's opinion would have resulted in a disability determination.

The Commissioner responds the ALJ reasonably assessed the medical evidence relating to plaintiff's impairments and properly gave less weight to Dr. Wiley's opinion.

4

## A. Treating-Physician Rule

"Under the 'treating physician rule,' an ALJ generally must give greater deference to the opinions of treating physicians than those of other physicians." *Winning v. Comm'r of Soc. Sec.*, 661 F. Supp. 2d 807, 818 (N.D. Ohio 2009).

"Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in the case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2)). In other words, a treating source's opinion receives deference only when supported by objective medical evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)).

When an ALJ determines a treating physician's opinion is not entitled to controlling weight, he or she must consider the factors in the applicable regulations to determine the weight to give that opinion. *Gayheart*, *supra*, 710 F.3d at 376; 20 C.F.R. § 404.1527(c)(2)-(6).[2]

Although not required to explain how he or she considered each factor, an ALJ must give "good reasons" for discounting a treating physician's opinion. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Vance v. Comm'r of Soc. Sec.*, 2008 WL 162942, *3 (6th Cir.). Those reasons must have support in the record and must be sufficiently specific to make clear to subsequent reviewers the weight assigned to the treating physician's opinion and the reasons for that weight. *Gayheart, supra,* 710 F.3d at 376; *Blakely*, *supra,* 581 F.3d at 406-07.

---

[2]The factors include: 1) length of the treatment relationship and frequency of examination; 2) nature and extent of the treatment relationship; 3) supportability; 4) consistency; 5) specialization; 6) any other factors brought to the ALJ's attention. 20 C.F.R. § 404.1527(c)(2)-(6).

## B. The ALJ Properly Applied the Treating-Physician Rule

Contrary to plaintiff's objection, the ALJ gave good reasons for her finding that Dr. Wiley's opinion was not entitled to controlling weight.

In her decision, ALJ Bright explains Dr. Wiley's opinion was not well-supported by objective medical evidence and was inconsistent with other substantial evidence in the case record. For example, ALJ Bright stated:

> Dr. Wiley's opinion is not consistent with the State agency consultants' opinion and is not consistent with the treatment record as a whole. Specifically, there are no objective findings in the record to support that the claimant can only sit for 15 minutes at a time or that he can only lift and carry less than 10 pounds. In fact, the claimant's physical examination records suggest that he has often had normal strength in all extremities, normal gait, and normal tone. (2F/2, 7F/1, and 12F/2/6). In addition, Dr. Wiley does not provide specific objective findings to support his severely limiting findings. For the foregoing reasons, Dr. Wiley's opinion is provided little weight.

(Doc. 11).

Because of the lack of objective medical evidence and the inconsistencies, the ALJ did not have to give Dr. Wiley's opinion controlling weight. 20 C.F.R. § 404.1527(c)(2); *see also White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 286 (6th Cir. 2009) (holding the ALJ properly discounted treating physician's opinion because the physician provided mere conclusory statements and his assessment of the claimant conflicted with other evidence in the record that showed sustained improvement).

In such a situation, the regulations require the ALJ to apply a list of factors and provide "good reasons in [the] notice of determination or decision" for the weight ultimately given to the treating source's opinion. 20 C.F.R. § 404.1527(c)(2); *see also Wilson v. Comm'r of Soc. Sec.*,

378 F.3d 541, 544 (6th Cir. 2004) ("The regulation requires the agency to 'give good reasons' for not giving weight to a treating physician in the context of a disability determination.").

ALJ Bright identified the reasons for discounting Dr. Wiley's opinion (failure to point to objective evidence to support his conclusions and inconsistencies between his opinion and the record) and precisely explained why those reasons affected the weight given to his opinion.

As noted, an ALJ's explanation of the weight given to a treating source's opinion must "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (quoting SSR 06-03p, 2006 WL 2329929, *7). ALJ Bright's decision certainly does so.

Therefore, I find ALJ Bright applied the proper legal standard in reaching her decision, and substantial evidence in the record supports her findings.

Accordingly, I concur in the Magistrate Judge's recommendation.

### Conclusion

It is, therefore,

ORDERED THAT

1.    The plaintiff's objection (Doc. 21) be, and the same hereby is, overruled;

2.    The Magistrate Judge's R&R (Doc. 18) be, and the same hereby is, adopted as the order of this court; and

3.    The Commissioner's decision denying plaintiff's application for benefits be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

8